# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

HUBERT RICHARDSON, *et al.*,

       Plaintiffs,

  v.

DOROTHY DEAN OSWALT, *et al.*,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

7:17-cv-01873-LSC

### MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiffs' Bill of Costs. (Docs. 81 & 82.) Defendant Progressive Gulf Insurance Company ("Progressive") filed objections to some of the costs that Plaintiffs requested (doc. 83), and Plaintiffs have filed a response to those objections (doc. 84). The matter is now ripe for review. For the reasons discussed below, the Court ORDERS an award of costs reduced from Plaintiffs' requested amount in the manner described below.

## I.    Background

On November 7, 2017, Plaintiffs Hubert and Kemetha Richardson brought a diversity action against Dorothy Dean Oswalt, seeking damages for negligence and loss of consortium following an automobile accident. (Doc. 1.) On June 14, 2018,

Plaintiffs amended their complaint to add a claim against Progressive for underinsured motorist coverage. (Doc. 21.) Plaintiffs settled their claims with Defendant Oswalt, but the claim against Progressive proceeded to trial. At trial, the jury found in favor of Plaintiffs and against Progressive. (Doc. 79.) The Court then ordered that Plaintiffs were entitled to recover their costs in the action from Progressive. (Doc. 80.)

## II.    Standard of Review

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Congress has enacted 28 U.S.C. § 1920 ("§ 1920"), which defines the term "costs" in Rule 54(d). *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012).

Section 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S. Ct. 2494, 2497 (1987). It states:

> A judge or clerk of any court of the United States may tax as costs the
> following: (1) Fees of the clerk and marshal; (2) Fees for printed or

electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the Court has discretion to determine the appropriate award of costs, it abuses that discretion if it awards costs in excess of the costs allowed by § 1920. *Maris Distributing Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

## III.    Discussion

Plaintiffs' bill of costs requested $400.00 for clerk fees, $851.35 for summons and subpoena fees,[1] $4,219.23 for deposition costs,[2] $551.52 for witness fees,[3] $260.75 for making copies of necessarily obtained materials, and $400.43 in other costs. Progressive requested the following reductions: 1) $3,738.48 in deposition costs, 2) $489.71 in witness fees, 3) $740.98 in summons and subpoena fees, 4) the

---

[1]    Although Plaintiffs' bill of costs and receipts indicate that Plaintiffs incurred $851.35 in service costs, Plaintiffs' "Process Server Costs" table indicates that Plaintiffs seek only $756.35 in service costs. The Court notes that this discrepancy does not impact the Court's conclusions.

[2]    As discussed below, one of the expenses included in Plaintiffs' requested deposition costs is better categorized as a witness fee. In effect, Plaintiffs have requested $1,719.23 for deposition costs.

[3]    Because one of the expenses named in Plaintiffs' requested deposition costs is better categorized as a witness fee, Plaintiffs have effectively requested $3,051.52 in witness fees.

full $260.75 for making copies of necessarily obtained materials, and 5) $260.43 in other costs. The Court examines each objection in turn.[4]

**A. Deposition Costs**

Taxation of deposition costs is authorized by § 1920(2). *See United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'").[5] Whether the costs of a deposition are taxable depends on whether the deposition was wholly or partially taken necessarily for use in the case. *Id.* "Because the parties presumably have equal knowledge of the basis for each deposition, unlike costs relating to photocopies, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citing *W&O, Inc.*, 213 F.3d at 621).

Progressive objects to the court reporter costs claimed by Plaintiffs for the

---

[4]    Because Progressive does not object to the remaining costs claimed by Plaintiffs, such objections are deemed waived. *See United States Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

[5]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

depositions of Plaintiff Hubert Richardson and Johnathan Kidd, arguing that these depositions were not necessarily taken. However, Progressive bears the burden of showing that, at the time that the depositions were taken, they were not necessary or related to an issue in the case. *See In re Fundamental Long Term Care, Inc.*, 753 Fed. App'x. 878, 882 (11th Cir. 2019*). Progressive fails to meet that burden. On the contrary, the record indicates that the depositions of Richardson and Kidd were very much related to a critical issue in the case. In their Motion for Leave to Re-Depose Hubert Richardson, Progressive argued that Kidd's deposition testimony conflicted with the initial deposition testimony of Richardson on the key issue of lost income, thus necessitating a second deposition of Richardson. (Doc. 66 at 2–3.) Thus, not only did Progressive actively seek Richardson's second deposition, but their motion effectively conceded that all three depositions to which they now object were relevant and necessary to the case. Therefore, the Court will award Plaintiffs' court reporter costs in full.

Progressive also objects to the $2500.00 fee that Plaintiffs request for Dr. Kenny B. Edwards's deposition attendance. However, this fee is better viewed as a witness fee and will be discussed further below.

## B. Witness Fees

The taxation of costs for "[f]ees and disbursements . . . for witnesses" is

permitted under 28 U.S.C. § 1920(3). Statutory witness fees are set forth in 28 U.S.C. § 1821, which provides that "a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule of order of a court of the United States, shall be paid" attendance fees provided for in the statute, travel expenses and a subsistence allowance for overnight stays. Section 1821(b) provides that a "witness may be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b).

Progressive first objects to paying fees for several witnesses—John McReynolds, John Stanback, Charlene Vaughn, Johnathan Kidd, and Jason Swartz—who did not testify at trial. These witnesses were all named as potential witnesses on one or more of the parties' witness lists. (Docs. 47 & 48.) Even though they ultimately did not testify, the fact that the parties listed them suggested that it could be reasonable for them to travel to Tuscaloosa in the event they were needed at trial. Plaintiffs only seek reimbursement for one day of attendance and mileage, which is not unreasonable when a witness might be needed at trial but is not ultimately called to the stand. Therefore, the Court will award the witness fees of McReynolds, Stanback, Vaughn, and Kidd as costs.

Progressive states a second ground for objecting to the witness fee of Jason Swartz, however. Specifically, Swartz could only testify to the issue of liability, an

issue that Progressive conceded prior to trial.[6] In their response, Plaintiffs do not contest those facts and further make no argument as to why Swartz was nonetheless a necessary witness in the case. Therefore, the Court will not award Swartz's witness fee as costs.

Progressive also objects to paying any portion of the $2500.00 witness fee requested for the deposition of Dr. Kenny B. Edwards.[7] As grounds for objection, Progressive notes that Dr. Edwards was an expert witness not appointed by the Court. However, § 1920(3) provides for the recovery of witness fees generally, without regard to the type of witness. Therefore, Plaintiffs may recover at least some portion of Dr. Edwards's fee as a cost under § 1920.

At the same time, Plaintiffs cannot recover the full $2500 fee claimed for Dr. Edwards's deposition testimony. Unless an expert witness is appointed by the Court, the prevailing party may not recover more than the $40-per-day attendance fee and reasonable travel expenses permitted by § 1821. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("Therefore, we find that the district court erred

---

[6]     Progressive also notes that the trial testimony of Jeff Hallman suffers from the same defect. However, Progressive's table of requested cost reductions specifically allows for Plaintiffs to recover the $61.81 witness fee for Hallman's testimony. (Doc. 83 at 1.) Because it is unclear whether Progressive objects to the award of Hallman's witness fee, and further because Hallman did testify at trial, the Court will award the $61.81 fee claimed by Plaintiffs.

[7]     As stated above, although Plaintiffs request Dr. Edwards's fee as a deposition cost, this item is better viewed as a witness fee.

in taxing as cost any amount for expert witness fees in excess of the $40 per day allowed under § 1821, and, upon remand, the district court should reduce the taxable costs accordingly."). In briefing this issue, Plaintiffs indicate only that the $2500 fee acts as a "reimbursement for [Dr. Edwards's] actual expenses and loss of income associated with testifying." (Doc. 84.) Plaintiffs' explanation does not provide enough information for the Court to determine what portion of the $2500 fee constitutes Dr. Edwards's *reasonable* expenses. Without more information, the Court can only award Dr. Edwards's $40 attendance fee as a cost.

Accordingly, the Court will reduce the witness fees claimed by Plaintiffs from $3,051.51 to $537.31.

**C. Fees for Service of Summons and Subpoenas**

Reasonable service of process fees that do not exceed the statutory limits set forth in 28 U.S.C. § 1921 are taxable pursuant to § 1920(1). *See W&O*, 213 F.3d at 623–24. Plaintiffs seek a total of $851.35 in fees for service of summons and subpoenas. Progressive objects to such fees as unnecessary except for the $110.37 fee for serving Plaintiffs' lone testifying witness, Jeff Hallman. Courts generally qualify the recovery of fees for service of subpoenas to those issued to witnesses whose appearances a party "could have reasonably believed was at least partially necessary to the litigation." *George v. GTE Directories, Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D.

Fla. 2000). However, Plaintiffs have presented neither evidence nor argument as to why the non-testifying witnesses were necessary for trial. Accordingly, the Court will reduce the award of Plaintiffs' subpoena costs from $851.35 to $110.37.

## D. Copying Costs

28 U.S.C. § 1920(4) allows recovery for the cost of copies "necessarily obtained for use in the case." The Court will allow photocopying charges that were necessary for discovery and for trial presentation. The Court will not allow photocopying charges for the convenience, research, or records of counsel. The party seeking to recover copying costs "must show that the copies were necessary and provided either to the court or to the opposing party." *Grady v. Bunzi Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995). "While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991).

Plaintiffs have divided their copying costs into three categories: 1) "TRIAL (including court notebook)," 2) "Depositions (Edwards & Kidd)," and 3) "Discovery."

In the first category of copying costs, Plaintiffs request $176.63 for 1,413 copies

at $0.125 per page for "TRIAL (including court notebook)." In briefing this issue, Plaintiffs further clarify that this first category includes three sets of the same 471 copies: "471 exhibit copies for the court; the same number of documents for the trial notebook, and for Plaintiff . . . ." (Doc. 84.) The 471 exhibit copies—amounting to $58.88—may be taxed as costs. However, the remaining 942 copies in the "Trial" category may not be taxed. Plaintiffs cannot recover costs for creation of their trial notebook, because "trial notebooks are generally prepared for convenience of counsel and not necessarily obtained for use in the case." *Crouch v. Teledyne Continental Motors, Inc.*, No. 10-00072-KD-N, 2013 WL 203408, at *22 (S.D. Ala. Jan. 17, 2013). As to the 471 copies made "for Plaintiffs," there is no indication that such copies were made for any purpose other than convenience. Therefore, Plaintiffs may only recover $58.88 in copying costs from the first category.

In the "Depositions (Edwards & Kidd)" category of copying costs, Plaintiffs seek $25.25, at $0.125 per page, for 202 copies. Plaintiffs do not indicate how these copies were necessary or whether such copies are duplicative of Plaintiffs' trial exhibit copies. As a result, Plaintiffs may not recover these deposition copies as costs.

Finally, Plaintiffs seek $58.88 for 471 copies made to be provided during discovery. In the Eleventh Circuit, "[c]opies attributable to discovery are a category of copies recoverable under § 1920(4)." *W&O, Inc.*, 213 F.3d at 623. Accordingly,

the Court will award Plaintiffs' costs for copying trial and discovery documents, for a total of $117.76 in copying costs.

## E. Other Costs

Plaintiffs also seek reimbursement for the $202.55 they incurred in obtaining medical records during the case. The expense of medical records may be recovered under § 1920(4) as "copies of papers necessarily obtained for use in the case." *See, e.g.*, *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). In the instant litigation, Plaintiff Hubert Richardson sought recovery for medical and physical injuries. Plaintiffs could reasonably have believed that obtaining Hubert Richardson's medical records was necessary to substantiate their claims. Therefore, the Court will award the full amount of Plaintiffs' fees for obtaining medical records.

Finally, Plaintiffs seek $57.88 in postage fees. Because the Eleventh Circuit has held that postage expenses are "clearly nonrecoverable" under § 1920, the Court may not tax Plaintiffs' postage as costs. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Accordingly, the Court will reduce the award of costs by $57.88.

## IV. Conclusion

Based on the reasoning above, the Court reduces the award as follows: (1) the $1,719.23 cost in deposition fees remains unchanged, (2) the $3,051.52 cost in witness fees is reduced to $537.31, (3) the $851.35 cost in fees for service of summons

and subpoenas is reduced to $110.37, the $260.75 copying costs are reduced to $117.76, the $57.88 cost in postage fees is reduced in full, and the $202.55 cost in fees for obtaining medical records remains unchanged. These costs are added to the $540.00 to which Progressive did not object, for a total of $3,227.22. The Court ORDERS the award of costs in this amount.

      **DONE** and **ORDERED** on November 18, 2019.

_____
L. Scott Coogler
United States District Judge

199455